**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-4724**

---

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

EMMETT LEE CAHOON,

                                    Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  David A. Faber, Chief District Judge.  (CR-02-59)

---

Submitted:  April 30, 2004          Decided:  June 17, 2004

---

Before WIDENER, WILLIAMS, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

David C. Sutton, JAMES & SUTTON, P.A., Greenville, North Carolina, for Appellant.  Frank D. Whitney, United States Attorney, John H. Bennett, John Stuart Bruce, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Following a jury trial, Emmett Lee Cahoon was convicted on two counts of possession of stolen firearms and aiding and abetting the same, in violation of 18 U.S.C. §§ 922(j), 2 (2000). The district court sentenced Cahoon to concurrent twenty-one month prison terms on each count. Cahoon timely appealed.

The sole issue on appeal is whether the district court should have granted Cahoon's motion for a new trial because the government improperly brought a number of guns into the courtroom that proved to be inadmissible. To obtain a new trial on a claim of prosecutorial misconduct, a defendant must show that the prosecutor's conduct or remarks were improper, and that the conduct or remarks prejudicially affected his substantial rights so as to deprive him of a fair trial. United States v. Scheetz, 293 F.3d 175, 185 (4th Cir.), cert. denied, 537 U.S. 963 (2002). We review the denial of a motion for a new trial for abuse of discretion. United States v. Russell, 221 F.3d 615, 619 (4th Cir. 2000).

We find, as did the district court, that the prosecution acted improperly in bringing the guns into the courtroom. To determine whether this improper conduct prejudicially affected Cahoon's substantial rights so as to deprive him of a fair trial, this Court considers several factors, including:

> (1) the degree to which the prosecutor's [conduct] had a tendency to mislead the jury and to prejudice the defendant; (2) whether the [conduct was] isolated or extensive; (3)

> absent the [conduct], the strength of competent proof introduced to establish the guilt of the defendant; (4) whether the [conduct was] deliberately placed before the jury to divert attention to extraneous matters; (5) whether the prosecutor's [conduct was] invited by improper conduct of defense counsel; and (6) whether curative instructions were given to the jury.

Scheetz, 293 F.3d at 186. Given the substantial evidence supporting the jury's guilty verdict, the fact that the district court found as a fact that the guns were brought into the courtroom in good faith, and taking the remaining factors into consideration, we find that the prosecutor's conduct did not prejudicially affect Cahoon's substantial rights so as to deprive him of a fair trial. Accordingly, we conclude that the district court did not abuse its discretion in denying Cahoon's motion for a new trial based on prosecutorial misconduct.

For these reasons, we affirm Cahoon's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED